UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:19-cr-00765-CDP-NCC |
| v. | ) |
| | ) |
| DEVEION HURSE | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S**
**RESPONSE TO MOTION TO RECONSIDER BOND**

The United States of America states as follows for its response to Defendant's motion to reconsider bond.

**Introduction**

On August 2, 2019, Defendant raised a loaded Glock 32 .357 caliber semi-automatic handgun at law enforcement officers. Moments before, he intentionally rammed his Audi A4 sedan into a police vehicle before fleeing on foot. These are just a few examples of the danger Defendant, a convicted felon who possessed a firearm, poses to the community. Nonetheless, Defendant now asks this Court to reconsider bond. Because there are no changed conditions that have a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the community, this Court should deny Defendant's motion.

1

**Relevant Factual Background**[1]

1. **Facts Regarding Instant Offense**

On or about August 2, 2019, St. Louis Metropolitan Police Department officers were on patrol in the Wells-Goodfellow neighborhood in the City of St. Louis, within the Eastern District of Missouri, when they saw an Audi A4 sedan with no front license plate. The driver of the Audi A4, Defendant Deveion Hurse, turned into a parking lot and parked in front of a laundromat. Officers pulled behind the vehicle and activated their emergency lights and sirens. After Defendant saw the officers behind him, he put his vehicle in reverse and accelerated, knowingly and intentionally striking the police vehicle. He then accelerated forward, driving over parking stops in an attempt to flee from the police. But, Defendant was blocked in by the front wall of the laundromat and another vehicle.

Nonetheless, Defendant exited the vehicle and fled on foot. As Defendant's Audi A4 rolled into another vehicle, Defendant turned, facing the officers with a black handgun in his right hand. Refusing officer commands to drop the gun and get on the ground, Defendant squared his shoulders and raised his handgun in the officers' direction. He then threw the gun over his back onto a nearby roof. Defendant finally dropped down on the ground with his hands to the side, and was handcuffed. Officers then recovered Defendant's firearm from the roof. It was a Glock 32 .357 SIG caliber semi-automatic handgun, which was loaded with sixteen cartridges in the magazine and one cartridge in the chamber. Defendant

---

[1] The facts stated herein can be found in the Pretrial Services Report and/or the record of the Court – any additional facts contained herein, are made by way of proffer.

2

admitted that he knew he was a previously convicted felon, who had served prison time.

In sum, Defendant's actions on August 2, 2019, consisted of the following:   (1) fleeing from police officers, intentionally striking a police vehicle while doing so, (2) raising a loaded gun in the officers' direction, (3) throwing the gun on a building in a laundromat parking lot, (4) and striking another vehicle in the course of fleeing from police.

   2. **Procedural History with Regard to Detention**

On September 19, 2019, Defendant was indicted by the federal grand jury on one count of being a felon in possession.   (Dkt. #2.)

The United States subsequently moved for Defendant's detention pending trial.   The Pretrial Services Office then prepared a Pretrial Services Report recommending that Defendant be detained pending trial.   (Pretrial Services Report, Dkt. #12.)   Among other fact, the Pretrial Services Office detailed Defendant's history of noncompliance with supervision.   (*Id.* at 3-4.)   In fact, Defendant has a history of committing offenses while on parole, and appears to have been on probation when committing the offense described above. Defendant also has prior felony convictions for a violent crime (assault in the second degree) and a weapons offense (unlawful use of a weapon).   (*Id.*)   Defendant also had several arrests for crimes including, but not limited to, burglary in the first degree and assault in the third degree.   (*Id.* at 4.)

Defendant then waived his detention hearing on October 4, 2020.   (Dkt. #14 (signing underneath the phrase "I understand I will be detained (held in custody) until my case is

resolved.").) U.S. Magistrate Judge Bodenhausen then entered the Order of Detention granting the motion of the United States to detain Defendant.

Defendant now asks this Court to reconsider that Order. Specifically, Defendant would like to care for his mother (who had back surgery) and his children (who are having issues with schooling). (Dkt. #44.)[2]

Notably, the Pretrial Services Office has prepared a supplemental addendum to the bail report. (Dkt. #45.) The addendum states that the Pretrial Services Office continues to recommend that Defendant remain detained pending trial.

## Argument

**1. There are No Changed Circumstances that Have a Material Bearing on Defendant's Flight Risk or Safety to the Community.**

Title 18, United States Code, Section 3142(f) provides that detention proceedings *may* be reopened if information exists that was "not known to the movant" at the time of his detention hearing and which "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person or the community." But, no such changed conditions exist. Defendant's only conditions that have changed are that his mother had back surgery, and his children (who were homeschooled during COVID-19) had schooling issues and he "would like to assist in their lessons." (Motion to Reconsider at 1, Dkt. #44.)

---

[2] Defendant says that he has seven children. (Motion to Reconsider Bond at 1.) The Pretrial Services Report stated that Defendant reported four children in October of 2019. (*Id.* at 4.)

4

But, neither of these conditions—which relate to caring for relatives—have anything to do with Defendant's danger to the community or his risk of non-appearance. In fact, Defendant has been a parent for at least thirteen years (Pretrial Services Report, Dkt. #12.) During that time he has had terms of probation or parole revoked at least five times. (*Id.* at 3-5.) He has been convicted of a violent crime. (*Id.* at 4.) And, he committed the instant offense, pointing a gun at officers. *See supra.* Defendant's desire to care for relatives does not have a bearing on either his danger or the risk of non-appearance.[3]

**2. Defendant is Both a Significant Flight Risk and Danger to the Community.**

Regardless, there are no conditions of release which can ensure either Defendant's appearance before this Court or the safety of the community. In evaluating whether such conditions exist, courts "take into account the available information" concerning:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2) the weight of the evidence against the person;

3) the history and characteristics of the person, including;
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[3] The Pretrial Services Office has also been unable to confirm Defendant's proposed home plan. (First Supplemental Addendum, Dkt. #45.)

5

4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 USC. § 3142(g).

The Section 3142(g) factors demonstrate that Defendant should remain detained pending trial.

### a. Defendant is a Serious Flight Risk.

The "preponderance of the evidence" demonstrates that Defendant a significant flight risk. *See United States v. Abad*, 350 F.3d 793, 796 (8th Cir. 2003) (the United States must show the risk of non-appearance by a preponderance of the evidence, and not, as with danger to the community, by clear and convincing evidence). First, the "nature and seriousness of the circumstances charged," demonstrate Defendant's flight risk (as well as the dangers associated with that flight). As discussed above, Defendant's actions on August 2, 2019, included the following:

- Knowingly and intentionally striking a police vehicle with his Audi A4;
- Subsequently accelerating and attempting to flee in his Audi A4;
- Fleeing on foot; and,
- Raising a gun at officers.

In other words, the "nature and seriousness of the offense" demonstrates that Defendant will flee—endangering others while doing so. *See infra.*

Not only has Defendant shown a willingness to flee, but he has an incentive to do so, particularly given the "weight of the evidence." Not only did multiple officers witness the

6

above encounter, but surveillance footage was captured from a neighboring business as well. And, a non-law enforcement witness saw Defendant strike the police vehicle and throw his gun. Defendant also admitted that he was a convicted felon. As such, the weight of the evidence is significant.

But, these are not the only factors demonstrating that there are no conditions that would ensure Defendant's appearance at trial. Defendant's "history and characteristics" also demonstrate his risk of flight. For example, Defendant has violated probation multiple times and has previously been declared an absconder. In particular, the Pretrial Services Report sets out at least three probation or parole revocations. (PTSR at 3; Dkt. #12.) Defendant even committed the instant offense while on parole. Defendant's history of noncompliance and absconding from supervision further demonstrates a concrete risk of flight. As a result, this Court should order that Defendant remain detained pending trial.

### b. Defendant is also a Danger to the Community.

As discussed above, Defendant's attempt to flee from officers and resist arrest demonstrate his danger: Simply put, Defendant raised a loaded gun at officers after intentionally striking their vehicle with his car.

Defendant's criminal history provides additional "clear and convincing evidence" of Defendant's danger to the community. For example, Defendant has prior felony convictions for unlawful use of a weapon and assault in the second degree. Defendant also has arrests for crimes including, but not limited to, burglary in the first degree, assault in the third degree, and resisting arrest. And, of course, the fact that Defendant is still engaging in criminal

7

conduct—even while on active state probation—further demonstrates his danger to the community.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        /s/ Cassandra Wiemken
        CASSANDRA WIEMKEN, #91586KY
        Assistant United States Attorney
        111 S. 10th Street, 20th Floor
        St. Louis, Missouri   63102
        (314) 539-2178
        cassandra.wiemken@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, the foregoing was filed electronically with the Clerk of the Court which will send electronic notice of filing to all counsel of record for Defendant.

        /s/ Cassandra Wiemken
        CASSANDRA WIEMKEN, #91586KY
        Assistant United States Attorney