**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 4:19-CR-00765-CDP-NCC-1 |
| ) | |
| ) | |
| DEVEION HURSE ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now defendant Deveion Hurse through his attorney David Bryant and respectfully files his objections to matters contained in the Presentence Investigation Report in this case. In support thereof, defendant states as follows:

**FACTS**

In this case police officers allege that their encounter with defendant began with a traffic stop of defendant. Police allege that they initiated a traffic stop of defendant because defendant's vehicle had plates registered to another vehicle. Police allege that after stopping defendant's vehicle and exiting their vehicle, defendant began to Resist Arrest by driving away from the stop. Police allege that defendant, unable to flee, exited his vehicle and turned toward the officers aiming a weapon at them with two hands, thus committing Unlawful Use of a Weapon by Exhibiting. In particular, police allege that defendant, ignored a command to drop a firearm when he exited his vehicle, instead turned toward the officers and aimed a gun at them in a two-hand stance. Police allege that during an attempt to flee, other persons were at substantial risk of death or injury.

The entire encounter in this case was captured on surveillance. The surveillance show that officers were not initiating a stop of defendant. In fact, surveillance show that officers were

1

travelling the opposite direction of defendant. Surveillance show that officers had not turned on sirens or police lights, to initiate a stop of defendant. Instead, they covertly followed him into the parking lot. Defendant in fact was unaware of the officers' presence at that time and had turned into the lot to make a U-turn out of traffic.

Surveillance show defendant turn into a parking space in order to make the U-turn. Surveillance show officers moments later turn into the same parking lot as defendant without any police lights. Defendant was still unaware of the officers.

Surveillance show that officers turned on their police lights after they had entered the lot but appeared to be signaling to a different vehicle that had blocked their path. As defendant reversed his vehicle in effort to turn around, he slowly began to back out of the space. Officers immediately drove up behind defendant's vehicle. As defendant slowly backs up, unaware that a vehicle had pulled behind him, the fenders of the two vehicles accidentally collide. Defendant's vehicle jerks to a stop with the collision as defendant looks for the impediment.

Surveillance show defendant panic and drive forward upon becoming aware that a police vehicle had blocked him in. Surveillance next show defendant exit his vehicle and immediately make a tossing motion toward the building behind him. Defendant then immediately fall to the ground in a surrender to police. Defendant's license plate was always properly registered to his vehicle.

## ARGUMENT

**Defendant's base offense level should not increase pursuant to USSG §2K2.1 (b)(6)(B) under the facts of this case.**

*If the defendant -used or possessed any firearm in connection with any felony offense…*

*increase by 4 levels. USSG §2K2.1(b)(6)(B).*

1. In this case the United States allege that police officers were making an arrest of the defendant and that defendant in an attempt to flee such arrest, Resisted Arrest. Surveillance in this case show, however, that officers were not at all placing the defendant under arrest at the time of their initial encounter with him. Surveillance show instead that officers were initiating a stop and investigation of the license plates on defendant's vehicle. Defendant after noticing police, appeared to refuse cooperation with their investigation.  Defendant's plate was properly registered to his vehicle. Once defendant exited his vehicle and was arrestable, as surveillance shows, he immediately surrendered to police authority. Surveillance show defendant motioning toward the building behind him and immediately lie on the ground with his hands visible.

    Because defendant in this case was not being placed under arrest at the time that he exited his car, an enhancement for resisting an arrest should not apply.

2. In this case the United States allege that defendant exited his vehicle and with a two-handed stance, aim a firearm at police officers. This simply is not true. Surveillance refutes this accusation and clarifies the issue.

    Because defendant in this case never exhibited a weapon toward officers, an enhancement for Exhibiting should not apply.

**Defendant's base offense level should not increase pursuant to USSG §3C1.2 under the facts of this case.**

*If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer increase by **2** levels. USSG*

*§3C1.2*

In this case the United States allege that the defendant created a risk of death or bodily injury to another during the course of fleeing from police officers. However, as surveillance shows, and United States agrees, the defendant was unable to flee. Surveillance shows that defendant's vehicle is blocked in.  When defendant exited his vehicle so suddenly, due to his surprise at seeing a police vehicle, he failed to place his vehicle properly into park. His vehicle then slowly rolls into an unoccupied vehicle which was parked next to him. Defendant's vehicle did not pick up speed and was blocked from travelling any real distance. The unoccupied vehicle's owner returned and watched the incident. He then left without any report to police. No one was injured or at a substantial risk of death or injury during the encounter.

Because defendant in this case never placed anyone at a substantial risk of death or injury, an enhancement for creating a substantial risk of death or injury should not apply.

**DEFENDANT'S CRIMINAL HISTORY**

Paragraph 35. Defendant states that he has never been arrested for Burglary First Degree, Assault Third Degree, and Resisting Arrest-Injury/Death,

**SUBSTANCE ABUSE**

Paragraph 58 appears to be in error. Defendant never reported that he used marijuana on the day of the instant offense.

**OFFENDER CHARACTERISTICS**

Paragraphs 48-52. Defendant reports that his family members contact information is available and

that that they have been awaiting an opportunity to report on defendant's responsibleness with his children.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, Defendant Deveion Hurse. moves this Court, respectfully, to exclude any points offered pursuant to USSG §2K2.1(b)(6)(B) or USSG §3C2.1, for a hearing on the matter, and for such other relief that this Court deems just.

Respectfully submitted,

/s/ David Bryant

David Bryant
Bar #53587MO
Attorney for Defendant
2200 N Hwy 67, #396
Florissant, MO 63032
314-488-7190
E-Mail:  dabryantlaw@gmail.com

### Certificate of Service

Signature of the foregoing is also certification that the foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Missouri to be served by operation of the electronic filing system upon the United States Attorney's Office, this 11th day of January, 2021.

/s/     David Bryant

David Bryant