UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  4:19-cr-00765-CDP |
| v. ) | |
| ) | |
| DEVEION HURSE, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States of America submits this response to Defendant's objections to the Presentence Investigation Report (Dkt. #72).  The United States agrees with the U.S. Probation Office's Addendum to the Final Presentence Investigation Report (Dkt. #74), which responds to Defendant's objections, including but not limited to the Addendum's discussion of the applicable enhancements.

The United States further states as follows in response to Defendant's objections:

**1.  The PSR Correctly Applies the 4-Level Enhancement Under 2K2.1(b)(6)(B).**

Defendant objects to the Presentence Investigation Report's application of four levels pursuant to 2K2..1(b)(6)(B), because Defendant possessed a firearm "in connection with another felony offense."  But, the enhancement is warrant because Defendant possessed a firearm in connection with two felonies: the unlawful use of a weapon-exhibiting (RSMo. 571.130) and felony resisting arrest (RSMo. 575.150).

With regard to the exhibiting enhancement, a defendant commits an exhibiting when

1

he "exhibits in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." (RSMo. 571.130(4)). There is no dispute that the firearm was readily capable of lethal use, but Defendant nonetheless maintains that he did not exhibit it in an angry or threatening manner. However, "whether the manner of exhibition is 'threatening' is to be determined objectively…." *United States v. Bell,* 411 F.3d 960, 965 (8th Cir. 2005)(upholding district court's application of the four-level enhancement for exhibiting and holding that the assessment should be made objectively and not based on the victim's assessment of the threat).

No matter how it is couched, Defendant raised his gun at law enforcement officers. While Defendant maintains he was simply throwing the gun over his head, the gun was, however briefly, raised at law enforcement officers. Clearly, this can be perceived as objectively threatening. An objective person would not know what was going on in Defendant's mind when that gun was raised in their direction—they would, however, perceive a threat. A gun raised in an officer's direction, after the person holding the gun has already hit a police car and fled, is objectively threatening.[1]

At minimum, however, the 4-level enhancement should apply because Defendant used his firearm in connection with felony resisting arrest. Under Section 575.150 a defendant resists arrest when they are "resisting or interfering with arrest, detention, or stop" when "he or she knows or reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or stop and individual or vehicle." In other words (and contrary

---

[1] The United States could have sought the official victim enhancement as well pursuant to 3A1.2, but it has not done so. If that enhancement was applied, then Defendant would be looking at an additional 12 levels in enhancements—and not the 6 levels that the United States is asking that this Court apply, as set out in the PSR.

to Defendant's claims), it is irrelevant that the officers may not have initially intended to arrest Defendant. A defendant may resist an arrest or stop by either force or flight. *See* RSMo. 575.150. A felony resisting arrest (as opposed to a misdemeanor) occurs when, among other circumstances, a "person fleeing [from arrest, detention, or stop] creates a substantial risk of serious physical injury or death to any person."

Defendant should have known that the officers were attempting to stop him from the outset. Even after hitting a police vehicle, when he unquestionably knew that officers were trying to stop him, Defendant attempted to flee.

Here the risk of serious physical injury or death can be demonstrated by Defendant's actions in: 1) backing into a police vehicle; 2) abandoning his vehicle in a parking lot, which then hit another vehicle; 3) raising a loaded gun in the direction of officers, and 4) throwing a loaded gun on top of a building in a parking lot. Plainly, any one of these actions could have caused a serious physical injury to Defendant, to police officers, and/or to any person on the lot.

**2. The PSR Correctly Applies the 2-Level Enhancement Under 3C1.2.**

Defendant objects to the enhancement under 3C1.2, which was added because Defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement." But, the enhancement is applicable. For example, Defendant's actions in just throwing the loaded gun on the roof (aside from raising it at officers) near a parking lot, created a substantial risk of serious bodily injury. And, Defendant's actions in bailing out of his vehicle in an occupied parking lot, while it was still moving, also created a substantial risk of serious bodily injury. As set forth above, Defendant

3

did multiple things to create a substantial risk to others on the day of his arrest and therefore the enhancement should apply.

3. **The United States Incorporates by Reference the Addendum to the PSR in Response to Defendant's Other Objections.**

The United States states that Defendant's arrest history appears to be accurate, and otherwise incorporates by reference the Addendum to the Final PSR in response to Defendant's remaining objections.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


 /s/ Cassandra Wiemken
CASSANDRA WIEMKEN, #91586KY
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, Missouri   63102
(314) 539-2178

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record for Defendant

 /s/ Cassandra Wiemken
CASSANDRA WIEMKEN, #91586KY
Assistant United States Attorney